## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**WILLIAM CHAMBERS,**

        **Plaintiff,**

v.                                         **Case No.  8:05-CV-746-T-TBM**

**JO ANNE B. BARNHART,**
**Commissioner of the United States**
**Social Security Administration,**

        **Defendant.**

_____/

# **O R D E R**

The Plaintiff seeks judicial review of the denial of his claim for Social Security disability benefits.  For the reasons set out herein, the decision is reversed and remanded.

## I.

Plaintiff was fifty-seven years of age at the time of his administrative hearing.  He stands 5', 8" tall and weighed 125 pounds.  Plaintiff has a high school education and two years of college.  Plaintiff received his associates degree in accounting.  His past relevant work was as a fast food cook and as a supply sergeant in the Army.  Plaintiff applied for disability benefits in June, 2002, alleging disability as of December 18, 2001, by reason of shortness of breath due to chronic obstructive pulmonary disease.  The Plaintiff's application was denied originally and on reconsideration.

The Plaintiff then received a *de novo* hearing before an Administrative Law Judge (hereinafter "ALJ").  In essence, Plaintiff claimed that he could no longer work at any job because he suffers from chronic obstructive pulmonary disease.  According to Plaintiff, he

experiences an attack once or twice a day for five to ten minutes that results in shortness of breath and increased heart rate.  Plaintiff feels lightheaded and tired when he has an attack. He uses inhalers to help with his breathing and he uses a nebulizer every six hours.  Plaintiff also uses an oxygen tank to help him breathe all day, every day, even while sleeping.  Changes in temperature and dust aggravate his condition.  He used to take Singulair, but it caused his ankles and neck to swell.  According to Plaintiff, he was first hospitalized for his breathing problems in December 2001, and he stopped smoking after that.  He was hospitalized four times in 2002 and once in 2003.  Plaintiff testified that although he was not hospitalized in 2004, this was not due to his improved condition, but his inability to pay.

Plaintiff last worked full-time as a cook at Steak and Shake where he lifted seven to eight pounds a couple of times a day, every day.  He last worked there in April 2002 and he had worked there for nine plus years.  Although he attempted to work full-time after his first hospitalization, he was unable to do so for long.  Previously, he had worked at Kentucky Fried Chicken as a cook where he lifted thirty to forty pounds on a daily basis.  He also worked as a supply sergeant in the Army where he lifted approximately forty pounds daily.

Plaintiff testified that he sometimes has problems sitting for a long period of time because bending restricts his breathing.  By his assessment, he can stand for only thirty minutes at a time before becoming lightheaded and he can walk only a half block before he gets short of breath and needs to sit down and rest.  Plaintiff testified that he can barely lift a gallon of milk and could not do so repeatedly.  He can take care of his personal needs in spurts.  Plaintiff does not drive.

Plaintiff is single, divorced and has no children under the age of eighteen.  He has lived by himself in a motel room for almost twelve years.  According to Plaintiff, his daily

2

routine is to get up early, at about 6:30 a.m., and determine whether he can breathe.  He then uses his nebulizer.  The treatment lasts about twenty minutes.  Plaintiff reported that he does not visit friends or neighbors because most of them smoke and he cannot be around smoke.  Sometimes people from his church or his ex-employees come to visit him at the motel.  Plaintiff stated that he reads, works crossword puzzles, and writes a little during the day.  Plaintiff moves around, stands up and rotates around during the day.  Plaintiff stated that he watches television after dinner.  He goes to bed around 11:00 p.m., but he does not sleep well.  He testified that he feels badly every day and sometimes calls the doctor for instructions in the morning when he feels like he can not breathe.  Plaintiff used to play golf, but is now unable to play.  He stopped attending church because he does not have a means of transportation.  See Plaintiff's testimony (R. 181-197).

Also before the ALJ were medical records outlining the Plaintiff's medical history.  These matters are addressed adequately by the parties' memoranda and are addressed herein as necessary.

By his decision of December 6, 2004, the ALJ determined that while Plaintiff has severe impairments related to chronic obstructive pulmonary disease/bronchial asthma exacerbated by chronic smoking, gastroesophageal reflux disease ("GERD") and tobacco abuse, he nonetheless had the residual functional capacity to perform light work that did not require exposure to a heavy concentration of smoke or fumes.  Upon this finding, the ALJ concluded that Plaintiff could perform his past relevant work as a fast food cook, both as he had performed it and as such work is generally performed in the national economy.  Upon this conclusion, the Plaintiff was determined not disabled.  (R. 18).  The Appeals Council denied Plaintiff's request for review , and the ALJ's decision became the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. See id. at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that she has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994) (citing Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  Miles, 84 F.3d at 1400; Bloodsworth v. Heckler, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).


III.

The Plaintiff raises two claims on this appeal.  As stated by the Plaintiff, they are as follows:

(1) The ALJ failed to properly evaluate Mr. Chambers' subjective complaints of physical limitations resulting from COPD; and

(2) The ALJ further failed to consider the effects of Mr. Chambers' constant oxygen usage and other limitations in determining his residual functional capacity (RFC) to perform "light" work.

Plaintiff initially points out that the ALJ relied upon the opinions of nonexamining doctors in determining his residual functional capacity (hereinafter "RFC"), noting that the ALJ referenced the assessments of both nonexamining doctors and found the conclusions set forth in the later assessment to be more consistent with the objective evidence.  His first complaint is that "the ALJ does not mention anywhere in the decision [his] much more

5

limiting subjective statements regarding his functional limitations." (Doc. 13 at 11-12 n. 7). Thus, by Plaintiff's testimony, he tires from lifting a gallon of milk, can only walk a half block and stand for thirty minutes at a time before become light-headed, must alternate sitting and standing, must use oxygen at all times, and uses a nebulizer every six hours for about twenty minutes at a time. Despite these express limitations, Plaintiff urges that the decision does not reflect that the ALJ even considered them and there is no clear indication as to why the complaints were rejected apart from the general reference to the objective medical evidence. By his related complaint, Plaintiff generally challenges the ALJ's RFC determination as it relates to his breathing difficulties. Thus, Plaintiff contends that the ALJ failed to consider the effects of his COPD related limitations when determining his RFC. At a minimum, Plaintiff maintains that his case should be remanded for further consideration or explanation and to obtain testimony from a vocational expert.

The Commissioner responds that the decision reflects a fair review of the medical record and Plaintiff's subjective claims. By her urging, Plaintiff simply failed to prove he was disabled by reason of his symptoms. In support of their respective claims, both parties cite the decision in Dyer v. Barnhart, 395 F.3d 1206 (11th Cir. 2005).[1]

After careful consideration, I conclude that even if the ALJ correctly determined that Plaintiff remained capable of performing light exertional work despite his COPD, a remand is appropriate in this case because the ALJ erred by concluding that Plaintiff was not disabled from performing his past work as a fast food cook either as he performed it or as such work is

---

[1]In Dyer, the Eleventh Circuit, "[i]n all events, there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision, . . . is not a broad rejection which is 'not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole.'" Dyer, 395 F.3d at 1211 (quoting Foote v. Chater, 67 F.3d 1553, 1558 (11th Cir. 1995)).

6

performed in the national economy.  Here, Plaintiff undeniably suffered breathing limitations from a moderate COPD condition.  In assessing Plaintiff's RFC in light of this condition, the ALJ adopted, as consistent with the objective evidence as a whole, the RFC assessment of a nonexamining doctor[2] who determined Plaintiff was capable of light exertional work but with environmental restrictions related to avoiding concentrated exposure to extreme heat (and cold) and fumes, odors, dusts, gases, poor ventilation, etc.[3]  Despite these limitations, the ALJ found Plaintiff capable of performing his past work.  This conclusion is not supported by substantial evidence.  According to the Dictionary of Occupational Titles (hereinafter "DOT") section expressly relied on by the ALJ, DOT § 313.374-014, such work as it is generally performed involves environmental conditions including frequent exposure to extreme heat as well as frequent exposure to "other environmental conditions."[4]  Under the RFC adopted by the ALJ, Plaintiff could not perform such work.  Nothing about the Plaintiff's testimony as to how he did this job at Steak and Shake would alter this conclusion.  As Plaintiff testified, he cooked hamburgers.  (R. 185).  In his administrative filings, he indicated he cooked breakfast

---

[2]The record reflects that the only RFC assessments were from the two nonexamining doctors.  While such assessment are not, in and of themselves, substantial evidence upon which an ALJ should decide a case, they are appropriately considered by the ALJ and may be accepted by the ALJ when not inconsistent with other evidence of record.  See Edwards v. Sullivan, 937 F.2d 580, 585 (11th Cir. 1991).

[3]The ALJ found that Plaintiff should avoid exposure to heavy concentrations of smoke and fumes.

[4]The DOT does not define "other environmental conditions."  However, the DOT's companion book, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (1993) (hereinafter "SOC"), defines "other environmental conditions" as those not included in a list of 13 environmental conditions and it provides some possible examples.  See U.S. Dep't of Labor, SCO, Appendix D.  None of the examples are applicable in this case.  After thorough review, I am unable to ascertain what is meant by the use of "other environmental conditions" in DOT § 13.374-014 wherein it references that such exist frequently when working as a short order cook.

and lunch, cleaned his station and re-stocked.  (R. 76).  While he was not asked about the environmental conditions at this job, it defies reason and common sense to think that this work did not also involve frequent exposure to extreme heat, fumes and odors (and possibly gases and poor ventilation).  In the circumstances, I conclude that the ALJ erred in deciding Plaintiff could perform his past relevant work and a remand is necessary for further consideration and vocational expert testimony.


IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is not supported by substantial evidence or is not in accordance with the correct legal standards.  The decision is reversed and remanded for further proceedings before the Commissioner consistent with this Order.  Accordingly, the Clerk is directed to enter Judgment in favor of the Plaintiff and to close the file, and the matter of fees and costs shall be addressed upon further pleadings.

**Done and Ordered** at Tampa, Florida, this 23rd day of June 2006.


THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
Counsel of record